NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ARTHUR A. FREIREICH,                :
                                    :
    Plaintiff,                      :          Civil Action No. 14-6062 (SRC)
                                    :
v.                                  :          **OPINION**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
    Defendant.                      :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Arthur A. Freireich ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 8, 2010. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on November 14, 2013, and the ALJ issued an unfavorable decision on February 24, 2014, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of February 24, 2014, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work, as long as the jobs are simple and repetitive, low stress, and require concentration for two-hour blocks of time at the longest. At step four, the ALJ also found that this residual functional capacity was insufficient to allow Plaintiff to perform his past relevant work as information technology specialist or data manager. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ failed to properly weigh the medical evidence; and 2) the ALJ failed to properly evaluate Plaintiff's credibility.

In largest part, Plaintiff argues that the ALJ failed to give controlling weight to the opinions of Plaintiff's three treating physicians, Drs. Malkin, Frederikse, and Schaller. Plaintiff's argument begins by appropriately citing 20 C.F.R. § 1527(c)(2), which states: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." Plaintiff's brief overlooks the last condition in the regulation: the treating source evidence must be "not inconsistent with the other substantial evidence." That is the key here. The ALJ found that the opinions of Plaintiff's physicians were inconsistent with

other substantial evidence. On review, this Court must examine the other evidence to determine whether it constitutes substantial evidence. If the other evidence is found to be substantial evidence, this Court must defer to the ALJ's weighting of the evidence.

The ALJ stated that her residual functional capacity determination was supported by three types of evidence: the treatment records, the claimant's statements about his activities of daily living, and the opinions of state agency consultants. (Tr. 36.) This Court need not consider the ALJ's conclusions that the treatment records support conclusions that differ from those stated by the treating physicians. The record contains the report of state agency consultant Dr. Joynson, dated May 1, 2012, who reviewed the records and concluded that the claimant retained the residual functional capacity for simple work. (Tr. 74.) The record also contains the report of state agency consultant Dr. Gara, dated September 18, 2012, who reviewed the records and concluded that the claimant retained the residual functional capacity for simple work. (Tr. 86.)

The record also contains the transcript of the hearing, at which Plaintiff testified. Plaintiff testified that, on a typical day, he spends two hours doing day trading in the options market. (Tr. 53.) Plaintiff's testimony about his other activities of daily living did not evidence any significant limitations. (Tr. 54-58.) The ALJ found this to be evidence relevant to Plaintiff's residual functional capacity, which seems reasonable.

The Court notes as well that, as the Commissioner contends, Dr. Malkin did not opine that Plaintiff could do no work of any kind, only that he was unable to perform his previous work, which is consistent with the ALJ's determination. (Tr. 348.) Also, the parties agree that Dr. Schaller is a primary care physician, not a psychiatrist. (Pl.'s Br. 20.) The only medical evidence in the record from a treating expert in mental health, concluding that Plaintiff cannot

work at all, is the report of Dr. Frederikse. Viewing the record as a whole, Dr. Frederikse's opinion appears to be not consistent with other substantial evidence of record. The ALJ's decision not to give controlling weight to Dr. Frederikse's opinion does not conflict with 20 C.F.R. § 1527(c)(2).

Because this Court concludes that the ALJ's decision is supported by substantial evidence, it need not reach Plainiff's second argument on appeal that the ALJ's credibility determination of Plaintiff was erroneous. Moreover, the Third Circuit has quoted approvingly this Ninth Circuit holding in NLRB v. Lee Hotel Corp., 13 F.3d 1347, 1351 (9th Cir. 1994): "The ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable." Atlantic Limousine, Inc. v. NLRB, 243 F.3d 711, 718-719 (3d Cir. 2001). Plaintiff does not assert that this standard has been met.

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its

conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom.; Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

    Plaintiff has failed to persuade this Court that the ALJ erred in his decision.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                        s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: November 30, 2015